IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL T. BRETER, )
)
    Plaintiff, )
)
  -vs- ) Civil Action No. 18-171
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Michael T. Breter ("Breter") seeks judicial review of the Social Security Administration's denial of his claim for a period of disability and disability insurance benefits ("DIB").[1] Breter alleges a disability onset date of October 10, 2007. (R. 15)) The ALJ denied his claim following a hearing at which both Breter and a vocational expert ("VE") appeared and testified. Breter then appealed. Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 7 and 9. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

---

[1] The ALJ determined that Breter met the insured status requirements of the Social Security Act through December 31, 2013. (R. 17)

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa.

1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    II. <u>The ALJ's Decision</u>

As stated above, the ALJ denied Breter's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Breter had not engaged in substantial gainful activity between the alleged onset date and the date last insured. (R. 17) At step two, the ALJ concluded that Breter suffers from the following severe impairments: status post multiple surgical procedures following a right wrist injury. (R. 17-18) At step three, the ALJ concluded that Breter does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18) Between steps three and four, the ALJ found that Breter has the residual functional capacity ("RFC") to perform light work except that "he has no effective use of the dominant right upper extremity for handling, fingering, pushing, pulling, or lifting. He cannot use the extremity in a 'helper' fashion." (R. 18-20) At step four, the ALJ found that Breter is unable to perform his past relevant work. (R. 20) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Breter's age, education, work experience, and RFC,

3

there are jobs that exist in significant numbers in the national economy that she can perform. (R. 20-21)

III. Discussion

(a) Conflict Between DOT and VE Testimony

Breter urges that a remand is necessary because of an unresolved conflict between the Dictionary of Occupational Titles ("DOT") and testimony proffered by the vocational expert ("VE"). Here, at the fifth step of the sequential analysis the ALJ concluded that, given Breter's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that he could perform, such as an usher and a ticket taker. (R. 20-21) As the Third Circuit Court recognized in *Zirsnak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014), at this step the Commissioner bears the burden of demonstrating that the claimant can perform jobs existing in the national economy. "To determine what type of work (if any) a particular claimant is capable of performing, the Commissioner uses a variety of sources of information, including the DOT,[2] the SSA's own regulatory policies and definitions (found in the Code of Federal Regulations ('CFR')), and testimony from VEs." *Zirsnak*, 777 F.3d at 616. Issues arise when a vocational expert's testimony conflicts, or appears to conflict, with information provided by the DOT. "As a general rule, occupational evidence provided by a VE should be consistent with the occupational evidence presented in the DOT." *Id.*, at 616 (citations omitted). To ensure consistency between the DOT and a VE's testimony, courts have imposed an obligation on ALJs to

---

[2] "'The DOT is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job.'" *Zirsnak*, 777 F.3d at 616, *quoting, McHerrin v. Astrue*, Civ. No. 9-2035, 2010 WL 3516433, at * 3 (E.D. Pa. Aug. 31, 2010).

4

"[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs … and information in the [DOT]." *Id.*, at 616. Breter maintains that the ALJ never asked the VE on the record whether his testimony was consistent with the DOT and, as such, an inherent conflict exists which requires a remand. I disagree.

First, Breter himself acknowledges that the DOT does not address one-armed jobs. *See* ECF Docket No. 8, p. 5. It is unclear how a conflict can exist if the DOT is silent on this issue. Given the absence of a conflict, I see no reason for remand. See *Weckherlin v. Berryhill*, Civ. No. 16-1487, 2017 WL 3873167, at * 4 (E.D. Mo. Sept. 5, 2017) (stating, "the Court is persuaded by the reasoning of several district and circuit court cases holding that the DOT's silence as to a functional limitation does not create a conflict between the DOT and the VE's testimony, and therefore does not require inquiry by the ALJ."); *Sanborn v. Comm'r. of Soc. Sec.*, 2015 WL 3452872, at * 6 (3d Cir. June 1, 2015); *Phillips v. Berryhill*, 2017 WL 2224931, at * 7 (E.D. Pa. May 22, 2017) (stating that "[t]he Third Circuit Court of Appeals has recognized that the DOT's silence with regard to the sit/stand option does not place it in conflict with jobs identified by a VE."); *Horn v. Colvin*, 2013 WL 1386836, at * 4 (W.D. Pa. Apr. 4, 2013); *Conn. V. Astrue*, 852 F. Supp.2d 517, 528 (D. Del. 2012).

Second, even if there was a conflict, it was more than adequately resolved. The ALJ specifically fashioned an RFC which limited a worker to the use of the non-dominant arm. The ALJ asked the VE whether an individual who could perform light work, but who had no use of the dominant right, upper extremity, meaning no handling, no fingering, no feeling, and no use of the right, upper extremity even as a helper, could

5

perform any jobs. (R. 48) The VE opined that someone with Breter's RFC could perform the requirements of an usher and / or ticket taker. (R. 48-49, 57) When asked what the VE based his opinion on, the VE responded as follows:

> [t]he description in the DOT of what people do in the jobs and also on my professional practice as a rehab counselor in these types of jobs, knowing what they do out there in jobs and having seen ushers as well as ticket takers and what they're doing, you know, out there in the actual economy performing work.

(R. 57) In denying Breter's claim for benefits, the ALJ noted that: "[t]he vocational expert testified that the Dictionary of Occupational Titles does not address one-armed jobs, and that his testimony is based upon his knowledge and experience." (R. 21) The ALJ also found the VE's testimony to be consistent with "Marni, et. al., 'Employer Validation of Jobs Performed with One Arm', Journal of Forensic Vocational Analysis, Vol. 11, No 2, pp. 34-47." (R. 21) Finally, the ALJ concluded, pursuant to SSR 00-4p, that the VE's testimony was consistent with the information contained in the DOT. The ALJ's reliance upon this evidence was reasonable, particularly in light of the DOT's silence on the matter. The VE provided specific information about the requirements of each job and claimant's ability to perform those requirements. As such, I find no basis for remand. See *Knight v. Colvin*, Civ. No. 16-1816, 2018 WL 1400077, at * 1, n. 1 (W.D. Pa. 2018).

    (b) Breter's Pain

Breter also argues that the ALJ erred in assessing the intensity, persistence, and limiting effects of his symptoms, including pain. *See* ECF Docket No. 8, p. 8-13. In particular, Breter urges that the ALJ "cherry picked" certain evidence from his extensive medical records to support the ALJ's conclusion. After a review of the evidence, I disagree.

"There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, at * 2 (3d Cir. Apr. 16, 2004). Rather, the ALJ must set forth his decision such that a reviewing court is sufficiently able to discern the basis for the ALJ's opinion. In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ specifically stated in his decision that he considered "the entire record" and "all symptoms and the extent to which these symptoms can

reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 96-4p." (R. 17, 18) Moreover, the ALJ followed the proper method in assessing Breter's symptoms and pain. That is, he first determined whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Breter's pain or other symptoms, then he evaluated the intensity, persistence, and limiting effects of those symptoms. (R. 18-20) The ALJ properly compared the medical evidence and other evidence of record, including activities of daily living, to Breter's testimony, and found them to be not entirely consistent. (R. 19) For instance, prior to his last date insured, Breter performed heavy work in welding school; replaced a starter, one-handed, in the snow; engaged in heavy activities; attended welding school; and did things around the house. (R. 19) He also reported "hobbies of arts and crafts, camping, computers, and hunting" well after the date last insured. (R. 19) A plaintiff need not be pain free or symptom free to be found not disabled. Rather, a plaintiff must still show he / she is unable to perform substantial gainful activity. *Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990)*. Based on my review, I find the ALJ properly assessed Breter's pain. Furthermore, based on the entire record as a whole, there is substantial evidence to support the ALJ's decision regarding the same. Therefore, I find no error in this regard and remand is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL T. BRETER )<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>NANCY A. BERRYHILL, )<br>ACTING COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>    Defendant. ) | Civil Action No. 18-171 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 27th day of March, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 7) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 9) is GRANTED. It is further ORDERED that the ALJ's decision is AFFIRMED. This case shall be marked "Closed" forthwith.

                                                BY THE COURT:

                                                /s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge